CANNELLA, Judge.
Plaintiff, P.J.’s Army Surplus and Camping, Inc. (P.J.’s), appeals from a district court judgment in favor of defendant, G.D. & G., *1218 Inc. (G.D. & G.), denying P.J.’s request for injunctive relief to prevent their eviction. For the reasons which follow, we affirm the lower court ruling.
On June 1,1990, plaintiff entered into a six year lease with options for extensions with Del-Remy Corporation, the original owner of the property, located at 113 Airline Highway, LaPlaee, Louisiana. The lease provided for a pre-payment of rent in the form of the installation by lessee of a $10,000 air conditioning unit. On March 27, 1991 P.J.’s had its lease recorded. There already was recorded a mortgage on the property in favor of Guaranty Income Life Insurance Company (Guaranty). On July 10,1991 Guaranty foreclosed on the property and then purchased it at sheriffs sale. After the purchase, Guaranty allowed P.J.’s to remain in the premises and collected rent in accordance with the lease provisions. Guaranty did not have the lease canceled in the public records. On March 2, 1993 Guaranty sold the property to G.D. & G. The property was sold “as is” and G.D. & G. was aware of P.J.’s occupancy. There was no provision in the purchase agreement or sale concerning the termination of PJ.’s lease.
After the sale, G.D. & G. began steps to evict P.J.’s, who filed this action to enjoin it. After hearing, on April 30, 1993, the trial court denied the injunction request. He reasoned that the judicial sale made the lease null and void and no newly-recorded lease or ratification appeared in the public records after the judicial sale. The trial court found that G.D. & G. did not purchase the property “subject to the lease.” To the contrary, the trial court found that it was always G.D. & G.’s intention to evict P.J.’s. Therefore, the trial court held that P.J.’s lease amounted to no more than a verbal, monthly lease which could be terminated at the end of any month by either party. In his reasons, he noted that the issue was res nova and that he was deciding it by analogy to other situations.
The trial court was correct that the question has not been squarely considered. The cases cited by plaintiff, Pirkle & Williams v. Shreveport Jitney Jungle, 19 La.App. 729, 140 So. 837 (1932) and Thomas v. Lewis, 475 So.2d 52 (La.App. 2nd Cir.1985) are not exactly on point, but do lend support to his reasoning. In Pirkle, the first owner had entered into a lease and sold the property to the second owner prior to the recordation of the lease. Thus the lease was not binding on the second owner. However the second owner allowed the lessee to remain and accepted the rents for a time. The court held that the fact that the purchaser had allowed the lessee to remain and accepted the rents in accordance with the non-binding subsequently recorded lease had the effect of a ratification of the lease and it was binding between the parties. However, here we are being asked to extend Pirkle to a subsequent purchaser.
In Thomas, there was a lease with a renewal clause. The lease was recorded. The parties renewed the lease, but the renewal was not recorded. The first owner sold the property to the second. In a contest between the second owner and the lessee the court held “[f]rom the recited facts present in the public records the purchaser was clearly put on notice that the lease was in effect ...”
In this case, the question is whether a lease, recorded after the mortgage upon which the property was foreclosed, survived the judicial sale without subsequent recordation of a new lease or ratification of the earlier lease, such that a third party purchaser would be bound by that lease. We find that it does not.
In our view, the judicial sale has the effect of canceling all rights in the property which are inferior to the right of the seizing creditor. This view is supported by the supreme court case T.D. Bickham v. Hebert, 432 So:2d 228 (La.1983). In T.D. Bickham, the court held that a lease provision that subordinated the lease to any future mortgage gave the third-party purchaser at the judicial sale from the mortgage foreclosure superior rights to the lessee. In so holding, the court relied on La.C.C.P. art 2372 and *1219 La.C.C.P. art 2376. La.C.C.P. art 2372 provides that the property sold at a judicial sale is sold subject to any real charge or lease which is “superior to” the rights of the seizing creditor.[1] La.C.C.P. art. 2376 provides that a judicial sale results in the cancellation and release of rights which are “inferior to” the right exercised by the seizing creditor.[2] The court stated, although not dispositive of the case before it, “under these two articles, a judicial sale cancels a right in property sold at a judicial sale which is inferior to the right of the seizing creditor.”
We agree with T.D. Bickham that a lease which is inferior to the right exercised by the seizing creditor is canceled and dissolved by the judicial sale. Once null, any subsequent lease between P.J.’s and Guaranty was a new lease, and it had to be recorded to be effective against the subsequent purchaser, G.D. & G. Therefore, when G.D. & G. relied on the public records in purchasing the property, with the judicial sale resulting from foreclosure on a mortgage that primed the recorded lease, it did so free and clear of the lease.
Accordingly, for the reasons stated above, we affirm the judgment of the district court, denying P.J.’s injunction to stop the eviction.[3]

AFFIRMED.

GRISBAUM and DUFRESNE, JJ., dissenting.

. La.C.C.P. art. 2372 provides:
The property is sold subject to any real charge or lease with which it is burdened, superior to any mortgage, lien, or privilege of the seizing creditor.

. La.C.C.P. art. 2376 provides:
The sheriff shall give the purchaser a release from the mortgage, lien, or privilege of the seizing creditor, and from all inferior mortgages, liens, and privileges, and he shall direct the recorder of mortgages to cancel their inscription insofar as they affect the property sold.

.The only issue before the court at this time is whether the trial court erred in denying the injunction. We note that the above reasoning on that issue should not be taken as dispositive of any claims P.J.'s might have against G.D. & G. for reimbursement of funds it expended on equipment placed in the property.